CHRISTEN, Circuit Judge,
dissenting in part:
I write separately for two reasons. First, in my view, ING Investment Management did not establish as a matter of law that Lee knew or reasonably should have known of a possible claim for retaliatory discharge when ING fired him. See Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000), overruled on other grounds by Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc). Our case law is clear that “equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty,” id. but neither does it exempt a party from complying with Rule 11. Because Rule 11 required Lee to have a reasonable belief that his claim had a “sound basis” in fact before bringing suit, and because the record supports Lee’s argument that he could not have reasonably held such a belief until nearly a year after he was discharged, I would reverse the district court’s order granting summary judgment. Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986).
After Lee missed over a year of work due to a serious medical condition, and after months of strong disagreement between Lee and ING regarding ING’s handling of Lee’s LTD benefits claim, Lee and ING entered into a dialogue about his return to work. And on February 26, 2010, ING wrote to Lee to confirm that it authorized his return for limited and modified duties dependent only upon his doctor’s approval. On April 9, Lee’s counsel wrote to ING to reiterate his continued objections to ING’s treatment of Lee’s LTD benefits claim, and to propose a settlement on that claim. This letter threatened litigation as an alternative to settlement. Shortly thereafter, ING wrote to Lee and let him know it no longer had an open position for him. Lee’s counsel responded on April 15 by noting that ING’s failure to hold Lee’s job open had the “appearance of retaliation.” What Lee did not know, and could not have known until over a year later, was that although the parties were discussing Lee’s return, there was a separate internal effort within ING aimed at keeping him from returning to work—not because of his physical condition—but because of the “high likelihood of his suing [ING].”
It appears the district court granted summary judgment in favor of ING because it concluded that Lee’s claim for retaliatory discharge accrued when Lee’s April 15 letter articulated that ING’s actions had the “appearance of retaliation.” But as the majority and ING properly recognize, the statute of limitations could not have commenced at that point because Lee had not yet been discharged. Lee’s *949 retaliatory discharge claim did not accrue until he was discharged on June 11, 2010. See Burrey v. Pac. Gas & Elec. Co., 159 F.3d 388, 397 (9th Cir. 1998).
The majority argues that Lee is not entitled to tolling because Lee’s April 15, 2010 threat to sue shows he was aware of a “possible” claim for retaliatory discharge before he was even fired. But lawyers make all manner of threats when posturing for settlement, and threatening suit does not establish that Lee was aware of, or reasonably should have been aware of, a ripe claim for retaliatory discharge that would have passed Rule 11 muster.
The sole basis the April 15 letter identified for the “appearance of retaliation” was the close timing between ING’s decision to fill Lee’s position and the April 9 letter ING received from Lee’s lawyer. This overlooks that the threat of litigation concerning the LTD benefits dispute had been ongoing for months and preceded ING’s authorization for Lee to return to work. Lee was a highly compensated executive and the parties’ dispute risked ending his career. It is no surprise that correspondence exchanged between the parties’ lawyers was sprinkled with threats of litigation. Nevertheless, threats alone do not establish a reasonable belief that Lee’s retaliatory discharge claim had a “sound basis” in fact as required by Rule 11. The majority argues Lee had notice as of April 15, but filing suit would have been premature because at that point Lee could not even satisfy Rule 11.
It was not until May 9, 2011 that Lee was put on notice that he may have been discharged for an improper purpose. On that date, Lee received through discovery in separate litigation a copy of ING’s March 31, 2010 internal email advising against offering Lee a job because he threatened to sue ING. In other words, despite ING’s expression in February 2010 that Lee could return to work if his physical condition allowed him to, and before the parties exchanged correspondence in April, ING was internally discussing not letting Lee return for reasons unrelated to his physical condition. Viewed in the light most favorable to Lee, the email suggests that Lee’s supervisors wanted him to return to his job, but an ongoing conversation between the Human Resources Department and in-house counsel cautioned against allowing him to do so because he was likely to sue.
From the record available to us, the email produced on May 9, 2011 appears to be the first time Lee reasonably should have been aware of a possible claim for retaliatory discharge. As such, the district court erred by granting summary judgment on the basis that Lee’s suit was untimely. Because the district court did not consider whether anything that, occurred between Lee’s pre-discharge April 2010 threats to sue and his May 9, 2011 receipt of ING’s internal email should have put Lee on notice of his claim, I would remand to permit the district court to make this finding in the first instance.
The second reason I write is that I fear the majority’s holding is likely to prompt premature lawsuits. In the future, lawyers will know that discussion of an employer’s exposure to a retaliatory discharge claim may be used against them in a summary judgment motion similar to the one filed in this case. Lawyers should not be forced to choose between zealously representing their clients and complying with Rule 11, but if forced to do so, cautious lawyers will surely err on the side of filing suit too soon.